S. A. HARBER *v.* JOHN R. SCUDDER.

[Abstract Kentucky Law Reporter, Vol. 7—663.]

**Common Law Arbitration.**
While a common law arbitration will be enforced, if the parties to it disregard it and continue to claim their original boundary lines,

and one of the original parties has sold his land, some of the parties have forgotten all about the arbitration, and more than fourteen years have elapsed since said attempt at arbitration, the award being by parol and the writing constituting the submission being lost, such award should not be followed; but the parties should be allowed to hold according to their paper titles.

### APPEAL FROM-MADISON CIRCUIT COURT.

March 8, 1886.

OPININON BY JUDGE PRYOR:

It is evident from the conveyances of record that the appellant was in possession of the land in controversy when the arbitration is said to have been made, and the line established by the several deeds would invest him with the title; but it is argued that there was some dispute about the corners, and the whole matter was left to the arbitration of the neighbors who met on the land in 1865 or at a later date, say 1867, and settled the differences between the parties. The appellee was not then the owner of the land, and the appellant, since the arbitration is said to have been made, has retained the possession of the land embraced by the boundary claimed by him and has in no way submitted to the award under which appellee obtained title.

The award was by parol, while the submission was in writing. That writing has been lost and the parties for fourteen years, perhaps seventeen years, have not sought in any way to enforce its terms. On the contrary, the appellant has been claiming the liens evidenced by his paper title all this period, and was in possession when this suit was brought in 1882. There was no written evidence of the award, none delivered to either party; and while a common law award would be executed and enforced as to this question of boundary, since the parties have disregarded it for so long a time that one or more of the arbitrators have forgotten it the paper title should govern and the one in possession of such a title should be left undisturbed. One of the arbitrators says he was called upon to arbitrate and settle the true line between one Green and the appellant, and not between the appellant and Smith, under whom the appellee claims; and although the weight of the parol testimony conduced to show a settlement of this matter in 1867,

this is in effect an action in equity to enforce a parol award made so long since that the aribtrators themselves have forgotten their own action in the premises, and the parties in our opinion should be left, as to the division line, where they were when the action was commenced; that is, the possession of neither of the parties should be disturbed. Judgment *reversed* with directions to dismiss the petition.

*John Bennett, John W. Carpenter, for appellant.*
*W. B. Smith, for appellee.*